# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08CV384-C

| | |
|---|---|
| INDUSTRIAL MAINTENANCE SERVICES, <br><br> Plaintiff, <br><br> vs. <br><br> UPS SUPPLY CHAIN SOLUTIONS, INC., a/k/a UNITED PARCEL SERVICE, INC., a/k/a UNITED PARCEL SERVICE OF AMERICA, INC., a/k/a UPS, <br><br> Defendant. | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss" (document #2) and "Memorandum in Support ..." (document #3), both filed August 27, 2008; and the Plaintiff's "Response in Opposition ..." (document #6) filed September 15, 2008.

On September 29, 2008, the Defendant filed its "Reply ..." (document #9).

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be <u>granted</u> as to the Plaintiff's claim to recover accelerated damages, but will also <u>grant</u> the Plaintiff leave to amend its Complaint to state a claim to recover its actual damages for breach of contract, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the Complaint as true, the Plaintiff, Industrial Maintenance Services, is a sole proprietorship located in Mecklenburg County, North Carolina that is owned and operated by Kevin G. Morrell and that is in the business of providing maintenance and janitorial services to businesses in North Carolina. The Defendant, UPS Supply Chain Solutions, Inc., is a Delaware corporation with its principal place of business in Georgia that is in the business of providing global package delivery, including through its Mecklenburg County facility.

The Plaintiff alleges on January 11, 2002, it entered into a contract for cleaning services with one of the Defendant's predecessors in interest at what is now the Defendant's Mecklenburg County facility.[1] In exchange for these cleaning services, the Defendant agreed to pay the Plaintiff $2,148 per month. The contract had an initial five year-term through January 11, 2007, but also contained an automatic renewal provision for an additional five years. In other words, unless either party terminated the contract at the expiration of the first five-year term, the contract would automatically be extended until January 11, 2012.

Relevant to the subject Motion to Dismiss, the contract also contained an accelerated damages provision stating "[i]f this contract is terminated [by Defendant] remaining balance is to be paid in full."

On August 20, 2007 – more than seven months after the second five-year term began – the Defendant terminated the contract. The Plaintiff promptly invoiced the Defendant for the remaining 52 months of the contract in the amount of $111,696.00, which the Defendant refused to pay.

---

[1]The Plaintiff initially contracted with Emery Worldwide, Inc., which subsequently changed its name to Menlo Worldwide Forwarding, Inc., and which was later purchased and absorbed by the Defendant on April 29, 2005.

On July 18, 2008, the Plaintiff filed its Complaint in the Superior Court of Mecklenburg County, stating a single claim for breach of contract and pleading the accelerated damages provision as the sole basis for recovering damages, that is, $111, 696.

On August 20, 2008, the Defendant removed the state court case to federal court, citing federal diversity subject matter jurisdiction. Said removal has not been challenged and appears proper.

On August 27, 2008, the Defendant moved to dismiss the Complaint, contending that rather than being an enforceable liquidated damages clause, the accelerated damages provision is an unenforceable penalty. In support of its Motion to Dismiss, the Defendant points out that the one-page contract contained no provision detailing how either party would give notice of a breach or how the contract could be terminated for cause, no statement that the accelerated damages provision would be a valid estimate of damages in the event of a breach, and no statement that the damages for a breach of contract by the Defendant would be difficult to calculate. Finally, the contract contained no provision for liquidated or other damages if the Plaintiff breached the contract.

In its Response, the Plaintiff accuses the "Defendant [of] ask[ing] the Court to let it off the hook completely for any damages relating to its breach of the parties' agreement ... [which] even if accepted by the Court, would not result in the dismissal of this lawsuit because Plaintiff would still be entitled to actual damages resulting from the breach." Plaintiff's "Response in Opposition ..." at 1 (document #6).

In its Reply, the Defendant does not dispute that at this point in the proceeding the Plaintiff is entitled to plead a claim to recover actual damages, but notes only that the present Complaint lacks such a claim.

The Defendant's Motion has been briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the United States Supreme Court's most recent examination of this standard, it explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . . And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94,

97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

Whether a contract provides for valid liquidated damages or unenforceable penalties presents a question of law. See Knutton v. Cofield, 273 N.C. 355, 36-61, 160 S.E.2d 29, 34 (1968); and Seven Seventeen HB Charlotte Corp. v. Shrine Bowl of the Carolinas, Inc., 182 N.C. App. 128, 132, 641 S.E.2d 711, 714 (2007) ("The trial was bifurcated to allow the trial judge to decide the issue of the enforceability of the liquidated damages provision (a question of law)…").

Under North Carolina law, liquidated damages are a sum which a party to a contract agrees to pay if he breaks a promise, and which are arrived at through a good-faith effort to estimate in advance the actual damage which would probably ensue from the breach. Knutton, 273 NC at 361-62, 160 S.E.2d at 34. An unenforceable penalty, on the other hand, is

> a sum which a party similarly agrees to pay or forfeit…but which is fixed, not as a pre-estimate of probably actual damages, but as a *punishment*, the threat of which is designed to prevent the breach, or as *security*…to insure that the person injured shall collect his actual damages.

Id. (emphasis in original). "When deciding whether the amount fixed by the contract as the measure of recovery for a breach should be regarded as a penalty or liquidated damages, the court will look at the nature of the contract, and its words, and try to ascertain the intentions of the parties." Id. Whether a stipulated sum will be treated as a penalty or as liquidated damages is determined by applying the following rule:

> [A] stipulated sum is for liquidated damages *only* (1) where the damages which the parties might reasonably anticipate are difficult to ascertain because of their indefiniteness or uncertainty and (2) where the amount stipulated is either a reasonable estimate of the damages which would probably be caused by a breach or is reasonably proportionate to the damages which have actually been caused by the breach.

Id., citing 22 Am. Jur. 2d, Damages § 214 (emphasis added).

5

Applying these legal principles to the facts in this case, the Plaintiff is not entitled to recover summarily the remaining balance on the contract (more than four years of payments) as liquidated damages. Although discovery may reveal that the Plaintiff's actual damages were considerable, at this point in the proceedings, the nature and language of the contract indicate that the accelerated damages provision was an unenforceable penalty, designed to punish the Defendant if it prematurely terminated the cleaning contract. See Knutton, 273 NC at 361-62, 160 S.E.2d at 34 (unenforceable penalty is sum "which is fixed, not as a pre-estimate of probably actual damages, but as a punishment, the threat of which is designed to prevent the breach").

Indeed, as the Defendant argues, rather than indicate that the parties made a good-faith effort to estimate in advance the actual damages which would probably ensue from a breach, the one-page document entirely lacks any indicia of such a reasoned process, that is, the contract contained no statement that the damages for a breach of contract by the Defendant were difficult to calculate, much less a statement that the parties had arrived at and agreed that the accelerated damages provision was a legitimate estimate of damages in the event of a breach. Id. (stipulated sum is liquidated damages only where damages difficult to ascertain and amount is either reasonable estimate of or reasonably proportionate to actual damages). Accordingly, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be granted as to the Plaintiff's claim to recover under the accelerated damages provision.

Recognizing, however, and as the Defendant essentially concedes, that the Plaintiff has pled an otherwise valid claim for breach of contract that may entitle it to recover actual damages, the undersigned will grant the Plaintiff leave to file an Amended Complaint stating that claim.

## III. ORDER

**FOR THE FOREGOING REASONS**, the Plaintiff is **GRANTED LEAVE** to file an Amended Complaint stating a claim to recover its actual damages, if any, for breach of contract. The Amended Complaint shall be filed on or before October 20, 2008.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendant's Motion to Dismiss" (document #2) the Plaintiff's claim to recover accelerated damages be **GRANTED** and that claim be **DISMISSED WITH PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: October 6, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge